# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **OPTICAL LICENSING LLC,**<br><br>　　　　Plaintiff,<br>　v.<br><br>**ANALOG DEVICES, INC.,**<br><br>　　　　Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff, Optical Licensing LLC ("Plaintiff" or "Optical"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.　This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Analog Devices, Inc. (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 6,791,898 ("the '898 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff is Texas limited liability company with its principal place of business at 6009 W. Parker Road, Plano, Texas.

3. Upon information and belief, Defendant is a corporation organized under the laws of Massachusetts, with a physical presence at 13008 Telecom Drive, Temple Terrace, Florida 33637. According to Florida's Secretary of State business records and upon information and belief, Defendant may be served with process c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## JURISDICTION AND VENUE

4. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting

business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) being physically located in this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its physical presence, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

9. On September 14, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '898 Patent, entitled "MEMORY DEVICE PROVIDING ASYNCHRONOUS AND SYNCHRONOUS DATA TRANSFER" after a full and fair examination. The '898 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

10. Plaintiff is presently the owner of the '898 Patent, having received all right, title and interest in and to the '898 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '898 Patent, including the exclusive right to recover for past infringement.

11. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

12. As detailed by the '898 Patent, two types of prior art memory device were shown in Fig.1 and Fig.2, respectively. The '898 Patent detailed the structure and operation of an asynchronous memory device 100 shown in Fig.1. Ex. A at Col.1:18-52. Additionally, the '898 Patent detailed the structure and operation of a synchronous memory device 200 shown in Fig.2. Ex. A at Col.1:53-2:23.

13. However, as identified in the '898 Patent, the prior art memory device had technological faults. Namely, these prior art memory devices were disadvantageous in that they provided a single mode of data transfer. Ex. A at Col.2:24-26. That is, prior art memory devices would either provide for only asynchronous data transfer or only synchronous data transfer. *Id.* at Col.2:26-30.

14. The '898 Patent overcame these faults and provide a memory device having multiple modes of data transfer. Particularly, the '898 Patent defines an inventive memory device for asynchronous *and* synchronous data transfer.

15. Claim 7 of the '898 Patent states:

> "7. A memory device comprising:
> an array of memory cells for storing data;
> an asynchronous/synchronous logic coupled to a plurality of control signals and said array of memory cells, wherein asynchronous transfer of data stored in said array of memory cells is provided based upon a first state of said control signals and wherein synchronous transfer of data stored in said array of memory cells is provided based upon a second state of said control signals; and
> a configuration register coupled to said asynchronous/synchronous logic, wherein said first state of said control

4

signals or said second state of said control signals is latched for access by said asynchronous/synchronous logic." Ex. A at Col.10:32-47.

16. Claim 7 of the '898 Patent is directed to an article of manufacture (i.e., a memory device).

17. Articles of Manufacture are patent eligible under 35 U.S.C. §101.

18. Defendant commercializes, inter alia, a product that includes all of the claim elements in at least one claim of the '898 Patent. More particularly, Defendant commercializes, inter alia, a product or article of manufacture that includes all of the recited elements of Claim 7 of the '898 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 7 of the '898 Patent.

## **DEFENDANT'S PRODUCT(S)**

19. Defendant offers for sale the Analog Devices "ADSP-BF525" (the "Accused Product")[1] that is memory device. A non-limiting and exemplary claim chart comparing the Accused Product of Claim 7 of the '898 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

20. As recited in Claim 7, the Accused Product includes an array of memory cells for storing data. See Ex. B.

---

[1] The Accused Product is just one of the products provided by Defendant, and Plaintiff's investigation is on-going to additional products to be included as an Accused Product that may be added at a later date.

5

21. As recited in Claim 7, the Accused Product includes an asynchronous/synchronous logic coupled to a plurality of control signals and said array of memory cells, wherein asynchronous transfer of data stored in said array of memory cells is provided based upon a first state of said control signals and wherein synchronous transfer of data stored in said array of memory cells is provided based upon a second state of said control signals. See Ex. B.

22. As recited in Claim 7, the Accused Product includes a configuration register coupled to said asynchronous/synchronous logic, wherein said first state of said control signals or said second state of said control signals is latched for access by said asynchronous/synchronous logic. See Ex. B.

23. The elements described in the preceding paragraphs are covered by at least Claim 7 of the '898 Patent. Thus, Defendant's sale of the Accused Product is enabled by the '898 Patent.

## INFRINGEMENT OF THE PATENT-IN-SUIT

24. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

25. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing at least Claim 7, literally or under the doctrine of equivalents, the '898 Patent.

26. Defendant has had knowledge of infringement of the '898 Patent at least as of the service of the present Complaint.

27. Defendant has directly infringed, literally or under the doctrine of equivalents, and continues to directly infringe at least one claim of the '898 Patent by selling and/or using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '898 Patent, Plaintiff has been and continues to be damaged.

28. Defendant has induced others to infringe the '898 Patent by encouraging infringement through their use of the Accused Product, knowing that the acts of Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement either literally or under the doctrine of equivalents.

29. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '898 Patent, pursuant to 35 U.S.C. § 271.

30. Defendant has committed these acts of infringement without license or authorization.

31. As a result of Defendant's infringement of the '898 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount

adequate to compensate for Defendant's past infringement, together with interests and costs.

32. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

33. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

34. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. A judgement that the '898 Patent is valid and enforceable;

b. That Defendant be adjudged to have directly infringed the '898 Patent either literally or under the doctrine of equivalents;

c. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

d. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '898 Patent;

e. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

f. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

g. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

h. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: September 29, 2021         Respectfully submitted,

                                  SAND, SEBOLT & WERNOW CO., LPA

                                  <u>/s/ Howard L. Wernow</u>
                                  Howard L. Wernow, B.C.S.
                                  Fla Bar No. 107560
                                  Aegis Tower – Suite 1100
                                  4940 Munson Street NW
                                  Canton, Ohio 44718
                                  Telephone: (330) 244-1174
                                  Facsimile: (330) 244-1173
                                  Email: howard.wernow@sswip.com

                                  *Board Certified in Intellectual Property Law by the Florida Bar*

                                  ATTORNEY FOR PLAINTIFF